Bosley *v.* Bruner et al.

troduction of the record of the conviction and sentence. The fact that a jury of the county of Warren, on a previous trial of the prisoner for the same offence, upon the same indictment, had found him guilty of the offence charged, was certainly not legitimate evidence to establish his guilt before a jury in the county of Hinds. The fact that the judge who presided on the trial, after a review of the evidence, refused the prisoner's application for a new trial, and pronounced sentence upon him, was equally inadmissible as evidence in the cause. The effect of this evidence, under any circumstances, must have been unfavorable to the prisoner, and in a doubtful case might have proved fatal to him.

We think the court erred in the admission of this evidence; and, therefore, reverse the judgment, award a new trial, and remand the prisoner.

WM. M. BOSLEY, use, &c. *vs.* ELIAS E. BRUNER et al.

The consideration of the bond sued on was not founded upon the original judgment.

The order of the court, and the issuance of the writ of error and *supersedeas*, in accordance therewith, were legal and valid acts; and there was a sufficient consideration for the execution of the bond.

The party taking out the writ of error *coram nobis*, and against whom judgment was rendered, having acquiesced in the decision, it is now too late to resist a suit upon the bond executed for a sufficient consideration, the condition of which is broken.

The injury which the party has sustained was caused by his own laches, in neglecting to appeal from the order of the court "quashing" the writ of error; and it is now too late to seek redress.

The parties (B. & H.) were only liable to pay the original judgment of B. in the event the writ of error was "dismissed," but it appears the writ was only "quashed;" hence, the condition of the bond thus far, to pay the judgment, &c., has not been broken.

The bond being conditioned "to perform the judgment the circuit court might render in the premises," the defendants were liable for the cost adjudged in quashing the writ of error *coram nobis*.

39 *

The special verdict is defective in not specifying the amount of cost awarded in the case, as contradistinguished from the amount of the original judgment. *Held*, that judgment cannot be pronounced on the verdict, which is erroneous in this particular.

In error from the circuit court of Warren county; Hon. P. W. Tompkins, judge.

William M. Bosley, who sued for the use of William R. Bay, sued Elias E. Bruner and James Hazlet upon their bond in the penalty of two hundred and fifty-seven dollars and fifty cents, dated first day of April, 1846, made by them jointly with Elizabeth Newsom, payable to William M. Bosley; to which was attached the following condition, namely:

" Whereas, the above bound Elizabeth Newsom hath applied to the Hon. George Coalter, judge of the third judicial dis-trict of the State of Mississippi, by petition filed, to grant a writ of error *coram nobis* operating as a *supersedeas*, staying further proceedings upon a judgment of the circuit court of Warren county, and execution emanating thereon, rendered on the 27th day of October, 1840, in a certain suit wherein the said William M. Bosley was plaintiff and the said Elizabeth Newsom defendant, whereby the plaintiff recovered judgment for the sum of one hundred and eight dollars and seventy-five cents damages, and the sum of twenty dollars costs of suit, which was granted her upon her executing this bond with Elias E. Bruner and James Hazlet, securities.   Now, if the said Elizabeth Newsom shall prosecute her writ of error *coram nobis* aforesaid to effect, and shall pay the said judgment, damages, interest, and costs, in case said writ of error *coram nobis* shall be dismissed, and shall also perform the sentence and judgment which the circuit court of Warren county in said State of Mississippi may render therein, then this obligation to be void; otherwise to remain in full force and virtue."

The plaintiff alleged, as breaches of this condition, 1. That, on the 19th of June, 1846, the circuit court of Warren county dismissed the writ of error, and Newsom had not paid the judg-ment.   2. That the court dismissed the writ of error, and ordered her to pay the costs thereof, which she had failed to do.

3. In an amended declaration, that the court had quashed the writ of error, and ordered Newsom to pay the costs; and she had paid neither the judgment nor the costs of the writ of error.

The defendants plead numerous pleas, to the effect that the judgment of Bosley against Newsom was void, and so the bond sued on was void; that the bond sued on was void because not warranted by the fiat of the circuit judge, and so taken without authority of law; that Bay was not the owner of the bond, and had no interest, legal or equitable, in the bond.

A special verdict, however, was agreed on, setting forth all the facts, and obviates the necessity of considering the objections taken to the pleadings.

The special verdict was to this effect, namely:

On the 27th of October, 1840, Bosley obtained judgment by default for $108.75 against Newsom; suit founded on a note; the record showing no notice of the suit to her, the writ being returned "not found." Executions issued against defendant, and also against plaintiff, for costs until 1845, all returned "no property." In that year, in pursuance to the law of 1844, the clerk of the court moved for an order of sale of the judgment, and it was granted. The judgment was sold by the sheriff, and bought by Bay, on the 27th day of October, 1845. On the 19th of December, 1845, Bay filed an affidavit that he bought the judgment for his own use; and on the same day sued out an execution on it in the name of Bosley, which was levied on some slaves as the property of defendant, Bay giving an indemnifying bond to the sheriff, who doubted the defendant's title to the slaves.

On the 21st of March, 1846, Newsom filed a petition in the circuit court of Warren county, setting forth that the judgment in favor of Bosley had been rendered without notice, and so was void, and praying a writ of error *coram nobis*, and *supersedeas* to the execution levied on the slaves; which the circuit judge ordered to issue "upon her entering into bond with security in double the amount to be superseded." Upon the reception of this fiat, and the execution of the bond sued on, the execution was superseded, and the sheriff delivered the slaves

levied on to Newson. At the May term, 1846, of the court, the court quashed the writ of error, and ordered Newsom to pay the costs. From this decision no appeal was ever made; and Bosley's judgment still remained unpaid.

On these facts the court below rendered judgment for the defendants, Bruner and Hazlet; and Bay sued out this writ of error.

*C. L. Buck*, for appellant, cited and commented on 2 Metc. 153; 18 Pick. 393; 2 Mass. 159; 1 Dev. 46.

The defendants having voluntarily executed the bond, cannot deny it. 5 Mass. 302; Ib. 316; 4 Monroe, 225; 5 Ala. 636; 4 Ib. 279.

The sale of the judgment was in pursuance of the statute. Hutch. Code, 921; H. & H. Code, 584; 4 S. & M. 357.

*W. C.* and *A. K. Smedes,* for appellees, cited and commented on the following authorities in reply. *Buckingham* v. *Bailey*, 4 S. & M. 538; *Bell* v. *Tombigbee Railroad Co*. Ib. 549; 13 S. & M. 528.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error sued the defendants, as sureties of Elizabeth Newsom, on a bond executed by them according to the fiat of the Hon. George Coalter, directing a writ of error *coram nobis* to operate as a *supersedeas* of a judgment in the case of *Bosley* v. *Newsom* in the circuit court of Warren county. The bond was conditioned " to pay the judgment, damages, interest, and costs, in case the writ of error *coram nobis* should be dismissed; and also to perform the sentence and judgment which the circuit court of Warren county might render in the premises."

By a special verdict, it appears that the original judgment of *Bosley* v. *Newsom* was void, it having been rendered against her without notice or service of process. It also appears that the writ of error *coram nobis* was quashed, and Mrs. Newsom ordered to pay the costs; from which order no appeal or writ of error was ever prosecuted. A judgment for the defendants

was rendered on the special verdict, from which judgment a writ of error has been sued out.

It is contended by the defendant's counsel that, inasmuch as the original judgment of *Bosley* v. *Newsom* was void, the bond taken for the prosecution of the writ of error *coram nobis* was without consideration, and, therefore, void. We do not think this position is tenable. The consideration of the bond sued upon in this case was not founded upon the original judgment, but was the order for and issuance of a writ of error *coram nobis* to operate as a *supersedeas;* which order was obtained, and writ of error and *supersedeas* issued, upon the application of Mrs. Newsom, for the purpose of enabling her to correct an alleged error in the original judgment. Surely, there can be no doubt that the order of the court, and the issuance of the writ of error and *supersedeas* in accordance therewith, were legal, regular, and valid acts ; and as they were only granted upon condition that the party executed the bond, — a condition unquestionably legal and proper in itself, — there was full and ample consideration for the bond.

It may be true, and in our opinion it is true, that the writ of error *coram nobis* should have been granted, and that upon the trial before the circuit court the original judgment should have been set aside, because no notice was served upon the defendant; yet that was a question which had to be decided by the circuit judge in the first instance. And although he may have decided erroneously against the party taking out the writ, yet if that party saw fit to lie by and acquiesce in the decision, we think it is entirely too late to resist a suit upon the bond, which was originally founded upon a sufficient consideration, and the conditions of which have certainly been broken. If the parties have sustained any wrong, it has been occasioned by their own laches, in neglecting to appeal from the order of the judge quashing the writ of error. In such a case, where a party sustains injury by failing to adopt the means of defence given to him by the law, we have repeatedly held that he is without redress. Conceiving the consideration of the bond to be ample, another question arises, to what extent have the conditions been broken, and how far can a recovery be had against the defend-

ants. They were only liable to pay the original judgment, &c., of *Bosley* v. *Newsom*, in the event the writ of error was "dismissed." By the special verdict, it appears that the writ of error was "quashed," not "dismissed." Is there any difference between "quashing" and "dismissing" a writ of error? We incline to the opinion that there is. The term "quash," as applied to writs of error or other writs, is predicated of some defect in the writ itself, or in the form of the writ, which defect does not reach to the merits of the case. Tidd's Pr. 161, 1163. The usual practice in this State has been, as far as we have been able to ascertain it, whenever a writ is "quashed" for mere formal exceptions, to grant the party a new writ upon his original plaint.

The term "dismiss" was not originally applied to common law proceedings, but seems to have been borrowed from proceedings in the court of chancery, where in practice the term is applied to the removal of a cause out of court, without any further hearing. Bouvier's L. Dic. The term when used is applied to the removal or disposal of the cause itself, and not to the mere annulment of the writ. Such we conceive to have been the sense in which the parties to this bond used the word "dismissal." And in our opinion, the condition of the bond to pay the judgment, &c., if the writ of error should be "dismissed," has not been broken by a refusal to pay on the judgment of the court "quashing" the writ.

But it appears from the special verdict, that the court, on quashing the writ of error *coram nobis*, pronounced a judgment for costs. The bond was conditioned "to perform the judgment the circuit court might render in the premises." The defendants are surely bound for the performance of this condition, and are liable for the costs adjudged. It was, therefore, erroneous in the court below to render judgment on the special verdict entirely absolving the defendants; and for this error the judgment must be reversed. The special verdict itself is defective, in not specifying the amount of costs awarded in the case. It finds a general sum of $208.55 damages for the plaintiff, if the law is believed to be in his favor; but the finding does not specify what portion of this sum is for costs awarded, as contradis-

Buck *v.* Little et al.

tinguished from the amount of the original judgment of *Bosley* v. *Newsom*; and being defective in this particular, we cannot pronounce judgment on it. We, therefore, set aside the special verdict, and order a *venire facias de novo* to ascertain this fact.

Judgment reversed, special verdict set aside, cause remanded, and *venire facias de novo* awarded.